UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DICKIE W. FORTNER and <br> LYNN FORTNER, <br>     Plaintiffs <br> vs. <br> CLESTER SMITH and <br> FINANCIAL SERVICES <br> VEHICLE TRUST <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> )   CAUSE NO. 3:04-CV-227 RM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

On January 21, 2005, Mr. Clester Smith moved the court, pursuant to FED. R. CIV. P. 58, to enter final judgment as to the claims dismissed against him on November 8, 2004. For the following reasons, the court denies Mr. Smith's motion.

While Mr. Smith moves the court pursuant to Fed. R. Civ. P. 58, the court notes that Fed. R. Civ. P. 54(b) controls the issue. That rule states:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b). The discretion to enter a Rule 54(b) judgment has its limitations: the court has a duty to consider such a request carefully – not merely to "rubber-stamp" the request – and to articulate its bases for determining that there is no just reason for delay of entry of judgment. See Granack v. Continental

Cas. Co., 977 F.2d 1143, 1144 (7th Cir. 1992); Horwitz v. Alloy Auto. Co., 957 F.2d 1431, 1434 (7th Cir. 1992). The claims to which a Rule 54(b) judgment extends and the claims that remain must be "separate claims" in that they involve little factual or legal overlap to avoid duplicative appeals. *See* Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997); Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1366 (7th Cir.1990) ("the retained and the appealed claims must be factually distinct, for otherwise the court of appeals may be forced to analyze the same facts in successive appeals, a form of piecemeal appealing not authorized by the rule.").

While the November 8, 2004 order resolves all claims against Mr. Smith in favor of Mr. Smith, the court cannot say that the remaining claims as to Financial Trust Services Vehicle Trust involve so little factual overlap as to be "separate claims" as required by the Rule. *See* Horwitz v. Alloy Auto. Co., 957 F.2d at 1434 ("If there is a great deal of factual or legal overlap between counts, then they are considered the same claim for Rule 54(b) purposes.").

The plaintiffs have moved for an entry of judgment against Mr. Smith's co-defendant Financial Trust Services Vehicle Trust, but no judgment has been entered. Thus, the claims against the remaining defendant remain, and the court the court must DENY Mr. Smith's motion for final judgment [Doc. No. 38].

SO ORDERED.

ENTERED: April 11, 2005

                         /s/ Robert L. Miller, Jr.
                         Chief Judge
                         United States District Court