UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DICKIE W. FORTNER and<br>LYNN FORTNER,<br><br>    Plaintiffs<br><br>  vs.<br><br>FINANCIAL SERVICES<br>VEHICLE TRUST, and<br>V.A.U.L. Trust,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   CAUSE NO. 3:04-CV-227 RM<br>)<br>)<br>)<br>)<br>)<br>) |

OPINION and ORDER

This matter is before the court on Defendant V.A.U.L. Trust's motion to set aside default pursuant to Rule 55(c) and attorney Kenneth Walter's motion to withdraw. For the following reasons, the court grants the motion and also grants the plaintiff's attorney's motion to withdraw.

On December 5, 2005 the plaintiffs moved the Clerk to default V.A.U.L. Trust because it had failed to answer the complaint, a request accommodated on December 8, 2005. On January 6, attorney Gary Rossi entered his appearance on V.A.U.L. Trust's behalf, and on January 20 he filed the motion now before the court. On January 31, attorney Walters filed a motion to withdraw, but then subsequently asked the court not rule on the motion to withdraw until after the briefing period of the motion to set aside.

In regards to the Rule 55(c) motion, a defendant seeking to vacate an entry of default or default judgment must show (1) good cause for the default, (2) quick

action to correct it, and (3) a meritorious defense to the complaint. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994); *see also* FED. R. CIV. P. 55(c). Determining what constitutes good cause for setting aside a default requires the court to consider all the relevant circumstances surrounding the party's omission, including the danger of prejudice, the length of delay and the potential impact on judicial proceedings, the reasons for delay, and the good faith of the moving party. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). The test for setting aside a default is more liberally applied when, as here, the court is dealing with an entry of default before entry of a default judgment. Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 47 (7th Cir. 1994).

Under the first prong, V.A.U.L. Trust must show good cause for its delay. In re State Exchange Fin. Co., 896 F.2d 1104 (7th Cir. 1990) (once default is entered, defaulting party must show good cause for it to be set aside); Passarella v. Hilton Intl. Co., 810 F.2d 674 (7th Cir. 1987) (default must be vacated when defendant has a reasonable explanation for conduct that excludes any possibility of willfulness). V.A.U.L. Trust asserts it wasn't properly served, and that alone is good cause exists for setting aside the default, and assertion the plaintiffs dispute. Under Rule 55(c), the issue of service isn't directly before the court as it would be under Rule 12(b); the issue for consideration is whether there is good cause for setting aside the default. However, the defendant's belief that it was not properly served, when joined with its ongoing attempt to investigate the claims, contact opposing counsel, and properly appear before this court, present a reasonable

2

explanation for their delay and suggests no willful disregard of their duties in this litigation.

    V.A.U.L. Trust must next demonstrate that it took quick action to correct its default. While a little more than a month after default had been entered passed before this motion was filed, the defendant explains it had difficulty contacting opposing counsel and completing the appropriate administrative requirements for the CM/ECF Program. A month delay in moving to set aside the default is not egregious, *compare* In re Plunkett, 82 F.3d 738, 742 (7th Cir. 1996) ("a decade's lassitude is unpardonable"), nor is the delay indicative of a pattern in this court of willful disregard for the court's rules. Davis v. Hutchins, 321 F.3d 641 (7th Cir. 2003) (default justified against a party that demonstrates a continuing disregard for the litigation or procedures of the court). Moreover, V.A.U.L. Trust maintains that the circumstances underlying the plaintiffs' claims haven't changed so as to prejudice the plaintiffs prosecution of this action, and the plaintiffs haven't argued that delay prejudiced the merits of their case.

    Lastly, V.A.U.L. Trust must show it has a meritorious defense to the complaint, and V.A.U.L. Trust provides several defenses it argues will allow it to prevail in this litigation. In response, the plaintiffs argues that the defenses don't apply to this case, and so cannot be meritorious. A mere disagreement about the propriety of the defenses doesn't negate the defendant's showing that, if it proves what it says it can prove, it could prevail in this case. This showing is all that is needed to justify vacating the default.

The interests of justice "are best served by resolving cases on their merits." Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); *see also* Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 163 (7th Cir. 1990) (noting the "well-established public policy favoring hearing cases on the merits"). V.A.U.L. Trust has shown good cause, took sufficiently quick action, and has advanced numerous meritorious defenses. While this case was filed in 2004, the claims against V.A.U.L. Trust were not brought until 2005 and no deadlines have been established nor a trial date set — the court can see no unfair prejudice allowing this litigation to proceed on the merits.

The motion to set aside entry of default [Doc. No. 68] is GRANTED, the motion for a hearing is DENIED as moot [Doc. No. 69], and Mr. Walter's motion to withdraw is GRANTED effective February 21, 2006 [Doc. No. 70].

SO ORDERED.

ENTERED: August 18, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:   D. Fortner/L. Fortner
      K. Walters
      G. Rossi
      M.J. Nuechterlein's Chambers